## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN D. MOORE, | § | |
| #36285-177, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-1287-E-BK |
| | § | |
| UNIDENTIFIED, | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Kevin D. Moore, a federal inmate, filed this construed complaint. Doc. 2. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

### I. ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

The U.S. District Court for the Eastern District of Texas held that Moore was barred from filing under § 1915(g) because he filed at least two actions and an appeal which were dismissed as frivolous or malicious.  *Moore v. Federal Bureau of Prisons*, No. 1:12-CV-149 (E.D. Tex. May 25, 2012) (citing *Moore v. 204th Dist. Ct., Dallas County, Tex.*, No. 3:08-CV-2281 (N.D. Tex. Sept. 29, 2009) (dismissed as frivolous); *Moore v. U.S. Marshals Serv.*, No. 4:10-CV-1566 (S.D. Tex. May 17, 2010) (dismissed as malicious); *Moore v. 204th Dist. Ct., Dallas County, Texas*, 376 F. App'x 426 (5th Cir. 2010) (appeal dismissed as frivolous)).  *See also Moore v. Federal Bureau of Prisons*, No. 4:11-CV-4642 (S.D. Tex. Jan 11, 2012) (dismissed as barred by three strikes).

Having accumulated three strikes, § 1915(g) precludes Moore from proceeding *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). The record demonstrates Moore's failure to meet the exception to the § 1915(g) filing bar here. As an initial matter, his pleadings are difficult to decipher, largely nonsensical, and littered with jargon that appears to derive from the so-called "sovereign citizen movement." Doc. 2; Doc. 2-1.  And while it appears that Moore may also be challenging his underlying federal conviction in Case No. 3:07-CR-125 (N.D. Tex. July 11, 2008), his complaint lacks allegations of imminent danger of serious physical injury.  Moore is thus barred from proceeding *in forma pauperis* under § 1915(g).

## II. CONCLUSION

Moore's complaint should be **DISMISSED** as barred by the three-strikes provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to refiling an *in forma pauperis* lawsuit

raising the same claims as presented, but without prejudice to this lawsuit being filed with full payment of filing and administrative fees of $405.00.

      **SO RECOMMENDED** on June 5, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).